By the Court.
Plaintiff in error was indicted at •the November term, 1904, of the common pleas court of Perry county under section 3140-2 of the Revised Statutes for having failed to provide his illegitimate child under the age of sixteen years with proper care, food and clothing from the twentieth of January, 1903, to the date of the indictment. The indictment did not charge that, in proceedings under the bastardy act Ogg had been adjudged to be the reputed father of the child, and upon that ground the sufficiency of the- indictment was challenged in the *61 court of common pleas where its sufficiency was sustained. Defendant then entered a plea of not guilty and was convicted without any evidence showing such adjudication under the bastardy act. His motion for a new trial was overruled and sentence pronounced against him in accordance with the verdict. He then filed a petition, in error in the circuit court where the judgment of the court of common pleas was affirmed.
The view urged upon us by counsel for the plaintiff in error is that in the absence of such allegation and proof there can be no valid conviction. The statute under which the indictment was found and conviction had affords no support for the point now made, for it does not suggest such adjudication as a condition of guilt. While the two acts contain provisions which contemplate the support of an illegitimate child, the bastardy act also contains provisions for the benefit of the mother. Proceedings under that act are instituted by her and are in a large measure controlled by her. Proceedings under the act here involved are instituted and maintained by the state as against a purely public offense. The relation of the statutes does not seem to support the point urged against the validity of the conviction.
The judgments of the courts below seem to be fully supported by Gee v. The State, 60 Ohio St., 485. where it was held that on the trial of an indictment under this section the record of a previous bastardy proceeding, in which the defendant was adjudged to be the reputed father of the child neglected, is not admissible in evidence because that adjudication may proceed upon a mere preponderance of the evidence, while under the statute here involved it is necessary that conviction be by evidence establish *62 ing defendant’s gnilt beyond a reasonable donbt. It is quite generally known that that which need not be proved need not be alleged; and certainly that conclusion may be urged with no less confidence with respect to a matter which is not permitted to be proved.

Judgment affirmed.

Davis, C. J., Shauck, Price, Crew, Summers and Spear, JJ., concur.